UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD T. HENRETTA,

Plaintiff,

vs.

ROGER W. ACH, II, JANET ACH, CHICAGO WEST PULLMAN, LLC, SOCIAL PAY, AND BIOTONE

Defendants

Case No.: 22-5407

BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

**I. INTRODUCTION**

Plaintiff submits this brief to address the Court's queries regarding the damages requested in the Motion for Default Judgment. This brief will address the limitations of the Complaint's Demand, the permissibility of emotional distress damages arising from a business dispute, the recoverability of damages for lost wages under a private penalty agreement in addition to statutory penalties, and the legal foundations for damages related to unemployment compensation, employer-side taxes, and actual attorney's fees and costs.

**II. DISCUSSION**

1. **The Extent to Which the Request is Limited by the Complaint's Demand for Damages**

The Court has correctly observed that the requested judgment does not track the Demand for Damages in the Complaint, filed several years ago. The general rule is that a default judgment must not differ in kind or exceed the amount prayed for in the complaint. This is codified in Rule 54(c) of the Federal Rules of Civil Procedure, which states: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." See Fed. R. Civ. P. 54(c).

However, Plaintiff's request for damages, though exceeding the initial demand, is supported by Plaintiff's sworn statement and evidence in the record, including declarations and documentation of ongoing damages not fully anticipated at the time of filing the complaint. Courts have recognized exceptions where ongoing or subsequently quantified damages are presented through such evidence. See Henry v. Sneiders, 490 F.2d 315, 317 (9th Cir. 1974).

2. **Availability of Outrage/Intentional Infliction of Emotional Distress Damages in a Business Context**

Generally, the tort of intentional infliction of emotional distress (IIED), or outrage, requires that the conduct be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Grimsby v. Samson, 85 Wash.2d 52, 59, 530 P.2d 291 (1975).

While traditionally applied in personal contexts, Washington courts have allowed IIED claims in business disputes where the defendant's conduct is particularly egregious. In Birklid v. Boeing Co., 127 Wash.2d 853, 869, 904 P.2d 278 (1995), the Washington Supreme Court upheld an IIED claim in an employment context where the employer knowingly exposed workers to hazardous conditions. Here, the Defendants' deliberate actions in causing significant financial and emotional distress to Plaintiff justify IIED damages.

3. **Recoverability of Damages for Lost Wages Under a Private Penalty Agreement in Addition to Statutory Penalties**

Under Washington law, statutory penalties for wage loss are intended to be cumulative and do not preclude additional penalties agreed upon in private contracts. The Washington Supreme Court in Schilling v. Radio Holdings, Inc., 136 Wash.2d 152, 159, 961 P.2d 371 (1998), affirmed that statutory penalties are meant to enforce minimum wage protections and do not nullify additional agreed-upon penalties.

**4. Legal Foundation for Damages for Loss of Unemployment Compensation**

Damages for loss of unemployment compensation may be recoverable under Washington law if they result from the employer's wrongful conduct. The Washington Employment Security Act provides that employees are entitled to unemployment benefits unless disqualified for specific reasons. If the employer's actions directly result in the loss of these benefits, damages may be awarded to compensate for this loss. See RCW 50.20.

**5. Legal Foundation for Damages for Employer's Failure to Pay Employer-Side Taxes**

An employer's failure to pay employer-side taxes, such as Social Security and Medicare contributions, can lead to damages if the employee suffers harm as a result. Under federal and state tax laws, employers are obligated to pay these taxes. Non-compliance can be construed as a breach of contract or statutory duty, justifying compensatory damages. See 26 U.S.C. § 3111; RCW 50.24.130. Plaintiff has sworn that this was the case, as he had to pay these amounts personally as part of his own tax filings.

**6. Legal Foundation for Actual Attorney's Fees and Costs in Addition to Statutory Fees and Costs**

Washington law allows for the recovery of reasonable attorney's fees and costs if provided for by statute or contract. In wage claim cases, RCW 49.48.030 mandates the award of attorney's fees to prevailing employees. Additionally, the court has discretion to award actual attorney's fees and costs if the statutory fees are deemed inadequate to fully compensate the

plaintiff. In McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir. 1981), the court recognized that actual fees may be awarded to ensure full compensation.

There are generally two common methods to justify the award: lodestar, Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), and contingency fee. The Ninth Circuit in Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008), stated that courts should defer to the winning lawyer's professional judgment as to how much time was required.

The percentage of recovery or contingency method involves awarding fees based on a percentage of the total recovery. This is common in cases where counsel is working on a contingency fee basis. Reasonableness of Contingency Fee: A contingency fee agreement reflects the risk undertaken by counsel in accepting a case where payment is contingent upon success. It also incentivizes efficient and effective legal representation.

Proportionality to Recovery: The contingency fee aligns the attorney's interests with those of the client and ensures that the fee is proportional to the amount recovered. In City of Burlington v. Dague, 505 U.S. 557, 562 (1992), the Supreme Court recognized the legitimacy of the contingency fee approach in certain contexts. The Ninth Circuit in Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 271 (9th Cir. 1989), endorsed the percentage of recovery method, especially in common fund cases. The Seventh Circuit in Skelton v. General Motors Corp., 860 F.2d 250, 258 (7th Cir. 1988), upheld the use of contingency fee agreements as a reasonable basis for awarding attorney's fees.

The client file, in this case, has almost 700 email entries and hundreds of pages of correspondence and documents. The case has been pending for several years, starting with an hourly fee engagement in December 2021. Litigation commenced in June 2022, with the Defendants' counsel accepting service of process only to resign several months later. Defendant Roger Ach then challenged service of process and started a sophisticated campaign to avoid service of process, although he regularly communicated with the court *ex parte*. Defendants were served a second time in June 2023.

The plaintiff and the undersigned counsel originally had an hourly fee agreement starting in December 2021. Under that arrangement, Mr. Henretta paid over $7,000 in fees and costs.

The hourly charges at that point would have been multiples of the amount paid. It became clear Defendants were sophisticated professional defendants who had done asset protection planning and had a history of lawsuits where they avoided paying their creditors, and Plaintiff's chance of any financial recovery, even with a judgment, seemed a challenge. At that point, Plaintiff and counsel entered into a contingency fee agreement providing for a 50% contingency. The contingency fee agreement follows the Washington State Bar guidelines' format. (Attached as Exhibit 1.))

**A. The Contingency Fee Agreement is a Reasonable Basis for Awarding Attorney's Fees**

The contingency fee agreement between Plaintiff and counsel reflects the risk undertaken by counsel and incentivizes efficient and effective legal representation. This agreement aligns the attorney's interests with those of the client, ensuring that the fee is proportional to the amount recovered.

**B. Legal Support for the Contingency Fee Agreement**

Courts have recognized the legitimacy of contingency fee agreements as a basis for awarding attorney's fees in various contexts. The percentage of recovery method, which is based on the contingency fee, is particularly appropriate in cases where counsel's payment is contingent upon the success of the case.

**Supreme Court Recognition of Contingency Fees**

In City of Burlington v. Dague, 505 U.S. 557, 562 (1992), the Supreme Court recognized the legitimacy of contingency fee arrangements, noting that such agreements reflect the risk of non-payment if the case is unsuccessful. This method ensures that attorneys are compensated fairly for the risk they undertake.

**Ninth Circuit Precedent**

The Ninth Circuit has endorsed the percentage of recovery method. In Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 271 (9th Cir. 1989), the court affirmed the use of the percentage method, recognizing its efficiency and fairness in compensating attorneys who achieve successful outcomes for their clients. The Seventh Circuit in Skelton v. General Motors

Corp., 860 F.2d 250, 258 (7th Cir. 1988), upheld the use of contingency fee agreements as a reasonable basis for awarding attorney's fees. The court emphasized that such agreements are an accepted and equitable method of ensuring that attorneys are rewarded for the risks they assume.

In this case, the contingency fee agreement between Plaintiff and counsel justifies the requested attorney's fees. Given the default judgment context and the specifics of the wage claim case, the contingency fee reflects the significant effort and risk undertaken by counsel. The volume of work, including the number of documents and emails handled, further supports the reasonableness of the requested fees.

**III. CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests the Court grant the Motion for Default Judgment and award the damages as claimed. The evidence supports the requested damages, and legal precedent justifies each category of damages sought.

Dated June 11, 2024

Respectfully submitted,

*[signature]*

Ronald G. Rossi
Rossi & Co, P.C.
616 33rd NW
Gig Harbor, Washington 98335