RCO Contingency Fee Engagement Agreement

# ENGAGEMENT AGREEMENT

THIS ENGAGEMENT AGREEMENT (Agreement) is entered into as of the date last executed below ("Effective Date") by and between Rossi & CO., P.C. ("Firm"), a professional corporation having its principal address at 616 33rd Ave NW, Gig Harbor Washington 98355 and Richard T. Henretta ("you" or "Client"), whose address is 2258 SE Upchurch Way Port Orchard, WA 98366.

In consideration of the terms of this Agreement, you and the Firm agree that the Firm will provide legal services to you as follows:

1. **Representation.** The parties have had several previous fee arrangements on an hourly and flat fee basis. The client agrees that the work under those agreements has been completed, and all payments to the firm on retainer and otherwise have been earned by the Firm. The client understands he can continue this matter on an hourly basis as outlined in his previous engagement agreements with the Firm but does not wish to continue to engage the Firm on an hourly basis and wishes instead to compensate the Firm on a contingency fee arrangement. This Contingency Fee Agreement will not take effect, and the Firm will not have any obligation to provide legal services until you return a signed copy of this Agreement. If you have not returned a signed copy of this Agreement and remitted deposits or fees within two days of the date this document is emailed to you, the Firm will assume that you no longer wish to retain the Firm, and the Firm will notify you in writing that the Firm does not represent you and you have consented to the firm withdrawing from representing you further.

2. **Scope of the Engagement.** You agree that the Firm will provide legal services to you in connection with the issues generally described in your pending litigation in the U.S. 9th District Court for the Western District of Washington and dispute with Roger Achs and his affiliated entities for work performed in 2001 through the present, intellectual property ownership, and equity in SocialPay, Biotone, etc. (the "Matter"). Any legal services outside the Matter will require a separate written engagement agreement and fee arrangement.

3. **Duty of the Client**. The Firm's ability to assist you in the Matter is limited to your participation. As such, you agree: to be truthful in your communication with the Firm, to cooperate with any requests for documents or information necessary to move your Matter forward, and to keep the Firm apprised of any changes or developments that affect the Matter. You also agree to respond to any communications from the Firm within a reasonable period and will update the Firm if your contact information changes. You agree that a failure to abide by any of the terms of this Agreement may result in the Firm terminating its representation of you in the Matter.

4. **Duty of the Firm**. The Firm will keep you informed about the status of the Matter and will consult with you when appropriate. The Firm will not settle your claims without your express consent.

5. **Payment Due.** The Client will be billed for services and costs as follows:

    5.1. **Contingency Fee**. The client will pay the Firm FIFTY (50%) OF THE GROSS AMOUNT OF WHATEVER MAY BE RECOVERED FROM SAID CLAIM, BY SUIT, SETTLEMENT, OR IN ANY OTHER MANNER BEFORE SUBTRACTING ALL EXPENSES INCURRED IN MAKING SUCH RECOVERY. The gross amount of sums recovered is the amount recovered without subtracting any costs and fees required to be paid by the Client under Washington State law. Expenses and fees include court costs, subpoena costs, arbitration fees, expert fees, deposition, online legal research costs, Pacer Fees, and court reporter costs. If, after the trial or another form of adjudication, we win this case and the defendants take an appeal, the Firm shall be paid for services on appeal, an additional sum equal to the post-judgment interest on the primary award.

Client Initials: _____

    **5.2.**    **Third-Party Costs not Included.** The Fee does not include costs charged by third parties, such as expert fees, mediator or arbitrator fees, court filing fees, messenger services, etc. The Client is responsible for paying for these costs. When possible, you will be asked to pay vendors directly. Otherwise, the Firm will incur the expense on your behalf, and you will be responsible for reimbursing the Firm immediately upon a written request. The Firm will make reasonable efforts to provide advance notice to you regarding any expected costs.

    **5.3.**    **Other Costs.** You are also responsible for costs incurred from third parties in the course of the Matter, including but not limited to expert fees, mediator or arbitrator fees, court filing fees, messenger costs or service of process, etc. When possible, you will be asked to pay third parties directly. Otherwise, the Firm will incur the expense on your behalf, and you will be responsible for reimbursing the Firm consistent with the billing cycle described in paragraph 5.5 below. The Firm will make reasonable efforts to provide advance notice to you regarding any expected costs.

    **5.4.**    **Additional Payments Owed**. In the matter, a court or arbitrator may require you to pay fees or costs to the other party in the Matter. You will be responsible for any such payment, and the Firm will not incur that expense on your behalf.

**6.**    **Firm's Removal.** If the Client at any point desires to change attorneys or otherwise requires the Firm to withdraw from the case, the Firm shall be entitled to a first priority lien against any recovery from the case on the percentage (%) basis outlined in this Agreement based upon any settlement offered by the opposing party or judgment offered before the date of withdrawal. Such amount shall only be paid to the Firm out of the proceeds from any judgment or settlement of the matter if any.

**7.**    **Client's Decision.** The Client has the ultimate right to decide whether an offer of settlement is satisfactory. It is agreed that the primary purpose the Client has consented to the services of the Attorney is that the Client believes the Attorney's background and experience offer the best chance to reach a fair and equitable settlement. It is therefore agreed that if, at any time, the Client and the Attorney cannot agree about the settlement of the case, the Firm may withdraw and will be paid as is provided above in Paragraph 6. Said fees shall be a lien on the case, and any party at interest may be so informed.

**8.**    **Client Notification.** The Firm agrees to notify the Client if an offer of settlement or compromise is received and to inform the Client of the amount of that offer and the Firm's recommendation about what to do. In addition, the Client agrees to make no compromise or settlement in the matter without the approval of the Attorney. The Client agrees to notify the Firm whenever an offer of settlement or compromise is received by the Client and to inform the Attorney of the amount and the terms of any such offer.

**9.**    **Lien**. The Client hereby grants the Attorney a lien on the claims or causes of action and on a sum recovered by way of settlement and on any judgment that may be recovered thereon to the extent of the amounts herein provided as the Attorney's fees and other fees, charges, and expenses incurred. It is further agreed the Attorney shall have all general, possessory, or retaining liens, and all special or charging liens known to the common law or available under law.

**10.**    **Confidentiality.** The documents and information you provide during the matter are confidential. You will not be disclosed unless you authorize the disclosure or disclosure is required under the Washington State Rules of Professional Conduct. This confidentiality applies after the conclusion of the Matter or after termination.

**11.**    **No Guarantees.** The Firm will provide legal services reasonably required to represent you in the Matter. Nothing in this Agreement and nothing in the Firm's statements to you are a promise or guarantee about your

P a g e  | 2

Client Initials: _____

matter's outcome. Any comments by the Firm about the outcome or merits of the Matter are expressions of professional opinion only.

**12.     Termination**. The Firm reserves the right to withdraw from representing you in the Matter and terminate this Agreement at any time, subject to the Washington State Rules of Professional Conduct and subject to any court rules or court order. You have the right to discharge the Firm and terminate this Agreement at any time and may do so by notifying the Firm in writing. Upon termination, regardless of the reasons for withdrawal or discharge, you will be obligated to pay any outstanding legal fees for work that the Firm performed on your behalf and will be obligated to pay any costs incurred on your behalf before the termination as set forth in Paragraph 6 above.

**13.     Second Opinion**. You have the right to seek legal advice from another attorney regarding the terms of this Agreement or the representation of the Firm.

**14.     Entire Agreement.** The agreement contains the parties' entire agreement, and no other agreement, statement, or promise made before the Effective Date is binding on the parties.

**Rossi & Co., P.C.**                                                                              **CLIENT**

By: _____                                          By: _____
     Ronald G. Rossi                                                                                    Richard Henretta
     Managing Shareholder

Date: __11/19/2022__                                                                            Date: _____

Client Initials: _____